**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Lowry, ) | No. 05-CV-740-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpiao, et al. ) | |
| Defendants. ) | |

The court has before it defendant's Motion for Summary Judgment (doc. 24), plaintiff's Opposition (docketed as both doc. 31 and doc. 32), and defendant's Reply (doc. 34).

While incarcerated at the Madison Street Jail, plaintiff Lowry slipped, fell, and was injured as he left the shower. Defendant's Statement of Facts, Exhibit 3 (Incident Report). Subsequently, Lowry filed an Inmate Grievance Form on which he complained that he slipped as he left the shower and was injured, that he is an oral diabatic, and that he needs a medical letter so that he can obtain his own shoes, presumably so that he would not slip again. Defendant's Statement of Facts, Exhibit 4 (Inmate Grievance Form). The officer responded that he would provide Lowry with a medical request form, and Lowry withdrew the grievance. Id.

1    Lowry subsequently filed this action under 42 U.S.C. § 1983, in which he claims that
2 his constitutional rights were violated by defendants' deliberate indifference to the hazardous
3 shower conditions that caused plaintiff to slip, fall, and become injured. <u>Second Amended</u>
4 <u>Complaint</u> at 4; <u>Opposition</u> at 1. Defendant Arpiao argues that plaintiff failed to exhaust his
5 administrative remedies, and that pursuant to 42 U.S.C. § 1997e(a), plaintiff is barred from
6 bringing this action.[1] <u>Motion for Summary Judgment</u> at 2.
7    The Prison Litigation Reform Act provides that "[n]o action shall be brought with
8 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
9 confined in any jail, prison, or other correctional facility until such administrative remedies
10 as are available are exhausted." 42 U.S.C. § 1997e(a). The Maricopa County Sheriff's
11 Office, which operates the Madison Street Jail, has an Inmate Grievance Procedure through
12 which an inmate may seek redress to his grievances by completing grievance forms and
13 appealing the responses. <u>Motion for Summary Judgment, Attachment A (Inmate Grievance</u>
14 <u>Procedure)</u>.
15    Plaintiff failed to file a grievance challenging the conditions of the shower. Plaintiff's
16 grievance form merely requested shoes, presumably to avoid slipping again, <u>Opposition</u> at
17 3, but failed to complain that the "[i]nadequate maintenance of the housing units and shower
18 facilities[] created unsafe and hazardous conditions," which is alleged in the claim before us.
19 <u>Second Amended Complaint</u> at 4. Plaintiff also admits that he did not file a grievance based
20 on this claim because "[a]n injury cannot be grieved" and "[t]he incident already occurred

---

[1] "[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). If the failure to exhaust nonjudicial remedies is raised in a motion for summary judgment, we will treat the motion for summary judgment as a motion to dismiss. <u>Ritza v. Int'l Longshoremen's and Warehousemen's Union</u>, 837 F.2d 365, 368-69 (9th Cir. 1988). Accordingly, we treat defendant's motion for summary judgment as a motion to dismiss. Furthermore, "[i]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." <u>Wyatt</u>, 315 F.3d at 1120.

1 and cannot be remedied." Id. There is however no restriction on the subject of a grievance
2 pursuant to the Inmate Grievance Procedure. <u>Motion for Summary Judgment, Attachment
3 A (Inmate Grievance Procedure)</u>. Moreover, while plaintiff argues that the detention officer
4 encouraged him to withdraw his filed grievance–the request for shoes–plaintiff fails to argue
5 that the officer encouraged him not to file an additional grievance with regard to the
6 conditions of the shower.

7 Plaintiff's action is barred because he failed to file a relevant grievance and therefore
8 failed to exhaust his administrative remedies. Plaintiff should consult the <u>Rules and
9 Regulations for Inmates</u>, which is available to inmates upon request, if he has any further
10 complaints with regard to prison conditions. See <u>Motion for Summary Judgment,
11 Attachment A (Inmate Grievance Procedure)</u> at 1.

12 **IT IS ORDERED** granting defendant's motion, which we have construed as a Motion
13 to Dismiss, and dismissing plaintiff's claim without prejudice (doc. 24).

14 DATED this 19th day of January, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge